# ATTACHMENT 9
*SHAUN MICHAEL BOSSE V. MIKE CARPENTER*
NO. CIV-18-204-R

## AFFIDAVIT OF JAMIE PYBAS

**STATE OF OKLAHOMA**      )
                          ) ss.
**COUNTY OF CLEVELAND**    )

Before me, the undersigned Notary, on this _8th_ day of February, 2019, personally appeared Jamie Pybas, known to me of lawful age, who being by me first duly sworn, on her oath, deposes and says:

1. My name is Jamie Pybas. I am an attorney licensed to practice law in the State of Oklahoma. I serve as Division Chief, Homicide Direct Appeals Division of the Oklahoma Indigent Defense System ("OIDS"). I served in that capacity during Shaun Bosse's direct appeal. I was also one of Mr. Bosse's direct appeal lawyers.

2. When we received Mr. Bosse's case, Michael Morehead, Appellate Defense Counsel, was assigned as lead counsel and I was second-chair counsel. Mr. Morehead and I began reviewing the case to determine what issues to raise on appeal. Early on in the case we discovered trial counsel had retained two prominent experts for purposes of preparing a mitigation case for the second stage. These experts – Dr. Jonathan Lipman (a neuropharmacologist) and Dr. Matthew John Fabian (a neuropsychologist) – were never called as witnesses at trial nor was any of the information they developed used at trial. This immediately struck us as an issue we wanted to investigate further and potentially pursue through a claim of ineffective assistance of counsel ("IAC"), presented in an Application for Evidentiary Hearing on Sixth Amendment Claims under Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011).

3. As we continued to review the record and case file, I was surprised and alarmed to find that lead trial counsel, Gary Henry, had done two things that, in my view, left us no choice but to abandon our plan to pursue an IAC claim based on the failure to utilize and present the testimony and findings of these two experts. First, immediately prior to the beginning of jury selection, Mr. Henry had Mr. Bosse sign a document in which it appears that Mr. Bosse himself had chosen to pursue a first-stage defense and forego calling expert witnesses in mitigation. (That document is attached to this affidavit as Exhibit A.) In addition, at the end of the second stage of the trial, Mr. Henry engaged Mr. Bosse in an *ex parte* colloquy. (Tr. XII 154-160). In that colloquy, Mr. Henry asked Mr. Bosse a series of questions regarding whether he believed his lawyers had done everything he asked them to do; whether they interviewed all the witnesses he wanted them to; whether he agreed with all of their strategic decisions; and whether he was satisfied with the job they did as his lawyers. This was obviously done by Mr. Henry for the sole purpose of protecting himself against any potential claims of ineffective assistance of counsel. Mr. Henry later admitted that he took these measures because he had previously been accused of IAC and did not want that to happen again. He thereafter started papering his cases with what he called "CYA or cover your ass" memos.

4. I cannot recall ever seeing a trial lawyer engage in this type of self-protection to the extent done by Mr. Henry in this case. I was upset by the circumstances but Mr. Morehead and I discussed the issue at length and felt we had no choice but to abandon this issue on appeal. Because of the colloquy in the record and the attached document, we believed Mr. Henry had effectively insulated himself from any IAC claim based on his failure to present this evidence at trial.

5. I swear and affirm that the foregoing statement is true and correct to the best of my ability and recollection.

FURTHER AFFIANT SAYETH NOT.

_____
Jamie Pybas

Subscribed and sworn to me this 8 day of February, 2019

_____
NOTARY PUBLIC

My commission number is: #99018303
My commission expires: EXP. 11/10/19

ATTACHMENT 9



This 19th day of September, 2012,
I, Shaun Bosse, do hereby acknowledge:

I have discussed possible trial strategies with my counsel, including, but not limited to:

1) Conceding guilt on the murders in the first stage, and presenting a voluntary intoxication defense. This strategy would include presenting Dr. Lipman as a 1st and 2nd stage witness;

2) Denying any guilt on first stage, and then presenting voluntary intoxication as a mitigating circumstance during second stage (with Lipman);

✓ 3) Denying guilt in the first stage, and arguing residual doubt in the second stage, without presenting evidence of voluntary intoxication.

After discussing all possible scenarios with my attorneys, and asking them any and all questions, I would like to pursue the following trial strategy:

*Shaun Bosse* (signature)
Shaun Bosse