## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAUN MICHAEL BOSSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-00204-JD |
| | ) | |
| JIM FARRIS, Warden, | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On August 12, 2020, the Court entered an Order [Doc. No. 29] continuing to stay the proceedings in this action pending resolution by the Oklahoma Court of Criminal Appeals ("OCCA") of Petitioner's application for post-conviction relief (PCD-2019-124). In that same Order, the Court directed the parties "to immediately notify the Court if the OCCA issues a dispositive ruling regarding Petitioner's application for post-conviction relief or if there is any other development that impacts the stay of this proceeding."

Consistent with the Court's Order, the parties filed a Joint Status Report on October 12, 2021 [Doc. No. 37], notifying the Court that the OCCA had issued a dispositive ruling denying Petitioner's post-conviction application on October 7, 2021. The parties further advised that Petitioner intends to seek certiorari review of the OCCA's opinion denying him post-conviction relief and will raise the same question presented in *Clifton Merrill Parish v. State of Oklahoma, et al.*, Case No. 21-467 (filed Sept. 29, 2021), which is currently pending certiorari review before the United States

Supreme Court ("SCOTUS"). The parties request that the stay of this habeas action continue until SCOTUS resolves the question presented in *Parish*, i.e., whether *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) applies retroactively to convictions that were final when *McGirt* was announced.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that the Antiterrorism and Effective Death Penalty Act limits, but does not deprive, a district court of its inherent authority to issue a stay). The Court has reviewed the parties' Joint Status Report and is mindful that a stay should be used in only limited circumstances in a federal habeas proceeding. Here, considering the issues presented in this action and the issues pending review by SCOTUS, the Court finds that the interests of judicial economy and comity are best served by continuing to stay this proceeding until SCOTUS determines whether it will hear the question presented in *Parish* and/or pending resolution of Petitioner's anticipated petition for a writ of certiorari of the OCCA's opinion denying him post-conviction relief. The Court may, however, reconsider the stay and revisit this Order depending on developments.

Accordingly, the current stay of this proceeding will continue for now, except that the parties are ordered to file a Joint Status Report every six months apprising the Court of the status of *Parish* (Case No. 21-467) and the status of Petitioner's anticipated certiorari petition. The six-month period will begin to run from the date of this Order.

The parties are further ordered to immediately notify the Court if SCOTUS issues any ruling in *Parish* or regarding Petitioner's anticipated certiorari petition, including any denial of certiorari petition, or if there is any other development that impacts the stay of this proceeding or the parties' views regarding the stay or status of this proceeding.

IT IS SO ORDERED this 15th day of October 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE