## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAUN MICHAEL BOSSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-00204-JD |
| | ) | |
| JIM FARRIS, Warden, | ) | (Capital Case) |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

## OBJECTION TO PETITIONER'S MOTION FOR DISCOVERY

The Attorney General of the State of Oklahoma, John M. O'Connor, appearing on behalf of the above-named Respondent, submits the instant Objection to Petitioner's Motion for Discovery. *See* Doc. 20.[1] Petitioner specifically requests production of documents related to seven (7) different categories of potential evidence, as well as two (2) different interrogatories relating to certain oral communications. Petitioner is not entitled to discovery for the reasons discussed below, and his requests should therefore be denied.

### *Introduction and Overview of Applicable Law*

Even prior to the enactment of the restrictive Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "broad-ranging preliminary inquiry [wa]s neither necessary nor appropriate in the context of a habeas corpus proceeding." *Harris v. Nelson*, 394 U.S. 286, 297 (1969). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (recognizing that a federal court sitting in habeas corpus may consider only the evidence

---

[1] Citations to specific page numbers within documents filed in this Court will be referred to using the original pagination located at the bottom of each page.

that was before the state court that adjudicated a claim on the merits). Accordingly, a petitioner in federal habeas is "not entitled to discovery as a matter of ordinary course," and "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing *Harris*, 394 U.S. at 295). Furthermore, a habeas court faced with a request for discovery must, at the outset, assess "whether the new evidence sought could be lawfully considered." *Shoop v. Twyford*, 142 S. Ct. 2037, 2044 (2022) (recognizing that a federal court "must, before facilitating the development of new evidence, determine that it could be legally considered in the prisoner's case"). *See also Shinn v. Ramirez*, 142 S. Ct. 1718, 1739 (2022) (observing that a federal habeas court should avoid prolonging a habeas case, especially given the need for finality in state convictions).

Even so, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts establishes that "[a] judge may, for *good cause*, authorize a party to conduct discovery." (emphasis added). "Good cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (quoting *Bracy*, 420 U.S. at 908-09). However, allegations which are merely conclusory and generalized will not entitle a habeas petitioner to discovery under Rule 6(a). *Id.*

### *Petitioner is Not Entitled to Any Discovery*

For starters, Petitioner's request for discovery is entirely deficient and should be denied as unsupported by on-point authority, facts, or relevant argument explaining the

nature of his proposed discovery. Aside from reciting cursory, boilerplate authority for the standards governing federal discovery, Petitioner, under his "specific requests" heading, lodges the following claim: "Mr. Bosse is concerned prosecutors may not have disclosed exculpatory evidence in this case." Doc. 20, at 4. Not only is that assertion completely irrelevant to the habeas petition at hand, since Petitioner has raised no challenge to the alleged withholding of exculpatory evidence, but Petitioner's claim is also devoid of any factual support and is completely untethered from the factual record in this case. *See Harris v. Farris*, No. CIV 20-282-RAW-KEW, 2022 WL 4553070, at *2 (E.D. Okla. Sept. 29, 2022) (unpublished)[2] (in an opinion and order denying the capital habeas petitioner's request for discovery in federal habeas proceedings, observing that the petitioner "has not provided a single reason why he needs the information requested"). Petitioner's inadequate presentation of this issue should result in outright denial of his request for discovery. *See Grant v. Trammell*, 727 F.3d 1006, 1025 (10th Cir. 2013) ("Even a capital defendant can waive an argument by inadequately briefing an issue."). *See also Childers v. Crow*, 1 F.4th 792, 799 & n.5 (10th Cir. 2021) (recognizing that a federal court will not assume the role of an advocate on a habeas petitioner's behalf to compensate for inadequately briefed, presented, and preserved issues).

---

[2] This unpublished opinion, and any other unpublished federal opinion hereinafter referred to, is cited for persuasive value pursuant to the Federal Rules of Appellate Procedure and the Tenth Circuit Local Rules, which permit citation to unpublished decisions of federal courts. *See* FED. R. APP. P. 32.1(a); 10TH CIR. R. 32.1(a).

Furthermore, with respect to the standards for discovery in particular, Petitioner falls woefully short of meeting the threshold standard for good cause.[3] *See Wallace*, 191 F.3d at 1245. Painting with broad brushstrokes, Petitioner claims that "[a]ll too often Oklahoma prosecutors have been found to have violated" the duty to disclose material exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959). Doc. 20, at 3. But Petitioner leaves entirely unaddressed how his concern in that context has any bearing on this case. Petitioner does not link this allegation with any of his requests for production or interrogatories, nor does he explain how such discovery would even be useful for his habeas case. Indeed, Petitioner raised no substantive discovery-based challenge in his habeas petition, so his blanket statement about prosecutors' obligations regarding discovery has no relevance to the claims currently at bar. *See generally* Doc. 19 (the claims advanced in Petitioner's habeas petition). Petitioner has made no effort to establish that any *Brady/Napue* claim would be successful such that he would be entitled to relief. *See Harris*, 2022 WL 4553070, at *4 ("Although Petitioner has set forth cases

---

[3] As Petitioner is counseled on habeas review, and since his petition is counsel's work product, the arguments in his petition must be read as written. *See Williams v. Dowling*, No. 19-CV-0530-GKF-FHM, 2020 WL 3865078, at *4 n.5 (N.D. Okla. July 8, 2020) (unpublished) (since the habeas petitioner was counseled in his petition, "the rule of liberal construction does not apply," and that, accordingly, "[t]he Court therefore takes the arguments as they are presented"); *Sullivan v. Rios*, No. CIV-15-67-M, 2015 WL 4926475, at *4 (W.D. Okla. June 12, 2015) (unpublished) (refusing to give liberal construction to a petition drafted by counsel, reasoning that "[h]ad this petition been Petitioner's own work, the court would be bound to read it broadly but, even then, would be prohibited from acting as Petitioner's advocate or creating argument on his own behalf," and concluding that "[b]ecause the petition is counsel's work-product, it must be read as written"). Indeed, this Court is not obligated to make the arguments on Petitioner's behalf. *See Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020) (recognizing that a district court is not required "to parse through the record in order to conjure up arguments" for a party).

related to *Brady* claims, he has failed to articulate what he intends to discover through his requests for discovery or how such evidence would be a proper part of the record before this Court."). Since Petitioner has failed to offer anything more than general and conclusory remarks on the need for discovery, Petitioner is not entitled to discovery in this case. *See Wallace*, 191 F.3d at 1245. *See also Shoop*, 142 S. Ct. at 2044; *Shinn*, 142 S. Ct. at 1739.

Aside from his conclusory *Brady/Napue*-based discovery request, Petitioner also urges this Court to consider his fourth and fifth requests for production, related to personnel files for Petitioner's capital trial team with the Oklahoma Indigent Defense System ("OIDS"), as well as OIDS policies and manuals regarding hiring experts in capital cases. Doc. 20, at 4-5. Petitioner attempts to link these requests with the second ground in his habeas petition, which raised an ineffective assistance of counsel claim relating to his counsel's alleged failure to investigate and present his mitigation case from another angle. Doc. 20, at 4 ("In addition, Mr. Bosse has raised a claim of ineffective assistance of counsel, and requests 4 and 5 below are directly relevant to that inquiry."). *See also* Doc. 19, at 28-53 (Petitioner's ineffective assistance ground in his habeas petition).

Petitioner's request for discovery to support his ineffective assistance claim is meritless because, as Respondent separately shows in his response to the habeas petition, Petitioner's claim of ineffectiveness is barred from consideration based on an independent and adequate state procedural rule, which Petitioner has failed to show cause and prejudice to overcome. It is well established under *Pinholster*, 563 U.S. at 181, that this Court must first find Petitioner has satisfied the stringent rubric under Section 2254(d) before granting any request for discovery. *See Lafferty v. Benzon*, 933 F.3d 1237, 1245 n.2 (10th Cir. 2019)

5

(refusing a certificate of appealability to review a district court's denial of discovery which was beyond debate where "no newly developed evidence would be admissible in the habeas case" pursuant to the framework in *Pinholster* (internal quotation marks omitted)); *Kyle v. Gansheimer*, No. 5:11-CV-1395, 2011 WL 4566363, at *2 (N.D. Ohio Sept. 29, 2011) (unpublished) ("Allowing further factual development in this case would be futile because the Court could not consider any of the newly discovered evidence on review. Accordingly, Petitioner's request for discovery fails." (internal citation omitted)).

As Respondent separately shows, Petitioner's ineffective assistance claim is barred from habeas consideration, and thus, since there are no disputed factual questions which could entitle him to relief on that issue, discovery is not necessary. *See Grant v. Workman*, No. 05-CV-0167-TCK-TLW, 2010 WL 5069853, at *42 (N.D. Okla. Dec. 2, 2010) (unpublished) (finding no need for evidentiary hearing when "[t]here are no disputed factual questions remaining that could possibly entitle Grant to habeas corpus relief"); *see also Johnson v. White*, No. CV 7:14-117-KKC, 2017 WL 1086769, at *4-5 (E.D. Ky. Mar. 20, 2017) (unpublished) (observing that the reasoning underpinning *Pinholster* shows that its limitations should apply with equal force to new evidence obtained through discovery, just as it would with evidence from an evidentiary hearing). *See also Shoop*, 142 S. Ct. at 2044; *Shinn*, 142 S. Ct. at 1739.

The remainder of Petitioner's discovery requests are similarly overbroad, unnecessary, and frivolous. Petitioner fails to make even general or conclusory allegations, much less does he lodge specific claims which establish that he would be entitled to relief. *See Wallace*, 191 F.3d at 1245. For example, Petitioner asks for "any and all files"

maintained or held by a government body on this case, "all district attorney and/or prosecution records in this case," "any and all documents, recordings, or things" regarding impermissible contact with the jury, and "any and all documents, recordings, notes, memos or things" from the district attorney's office regarding jury-selection strategy. Doc. 20, at 5-6. Again, Petitioner fails to explain the purpose of his requests, and this Court should reject his attempt at a dilatory fishing expedition. *See, e.g.*, *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (cautioning that the broad rules governing discovery in civil cases have "never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition"); *Morgan v. Gonzales*, 495 F.3d 1084, 1091 (9th Cir. 2007) (habeas petitioners are not entitled to discovery "absent evidence that their claims are colorable"); *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (declining to "'sanction fishing expeditions based on a petitioner's conclusory allegations'" (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997))).

The only aspect of Petitioner's discovery motion that bears even remote resemblance to his habeas petition are his requests related to the victim impact statements from the family of Katrina Griffin. Doc. 20, at 6-7. In his habeas petition, Petitioner challenged the state court's rejection of his claim stemming from the admission of improper death recommendations offered during victim impact testimony. *See* Doc. 19, at 64-76. But even this section of Petitioner's discovery request is inappropriate on federal habeas. Indeed, Petitioner cannot obtain habeas relief on a claim that has not been exhausted in state court. 28 U.S.C. § 2254(b). The requirement of exhaustion demands that a habeas petitioner fairly present his legal claim, and the facts supporting that claim, in state court.

*Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Therefore, a petitioner may not support a claim with new evidence in federal court which makes the claim significantly stronger than the claim in state court. *Fairchild v. Workman*, 579 F.3d 1134, 1147-52 (10th Cir. 2009); *Demarest*, 130 F.3d at 932-43. *See also Hawkins v. Mullin*, 291 F.3d 658, 670 (10th Cir. 2002) (recognizing that a habeas petitioner "cannot first present evidence in a federal habeas proceeding that 'places the claims in a significantly different legal posture' without first presenting that evidence in state court" (quoting *Demarest*, 130 F.3d at 932)).

This is especially true here, given that Petitioner now seeks information "including, but not limited to the fathers of [C.G.] and [C.H.]," Doc. 20, at 6, which goes far beyond the scope of the victim impact claims raised below. Victim impact testimony was heard only from Katrina Griffin's mother, father, and stepmother, not from the fathers of the child victims. *See Bosse v. State*, 400 P.3d 834, 856 (Okla. Crim. App. 2017) (*Bosse II*) (analyzing Petitioner's challenge to the victim impact testimony heard by the jury). So, to the extent Petitioner seeks discovery for claims (or new angles on existing claims) that have not yet been presented in state court, such claims are unexhausted and would give him no entitlement to relief. Moreover, since Petitioner is permitted discovery only if the facts he wishes to develop would entitle him to relief, any evidence he might discover in federal habeas would necessarily transform any previously exhausted claims into unexhausted claims. *See Fairchild*, 579 F.3d at 1149 ("[A]t a certain point, when new evidence so changes the legal landscape that the state court's prior analysis no longer addresses the substance of the petitioner's claim, [the Court] must necessarily say that the new evidence effectively makes a new claim—one that the state court has not adjudicated

on the merits."); *Harris*, 2022 WL 4553070, at *2 (declining to permit federal habeas discovery when the petitioner's *Brady/Napue* claim underpinning the discovery request was unexhausted and subject to an anticipatory bar).

Lastly, Petitioner has not been diligent in pursuing these claims in state court, and thus, he is not entitled to supplement the record, even assuming *arguendo* he can overcome Section 2254(d) and surmount the exhaustion requirement. As already discussed above, Petitioner failed to develop in state court the facts he now seeks on federal habeas. Thus, Petitioner is forbidden from supplementing the record in this Court, even if Section 2254(d), *Pinholster*, and the requirement of exhaustion did not stall his progress on this issue. 28 U.S.C. § 2254(e)(2). *See also Hooks v. Workman*, 606 F.3d 715, 730 n.14 (10th Cir. 2010) (recognizing that the diligence requirement of 28 U.S.C. § 2254(e)(2) applies "when expansion of the record is used to achieve the same end as an evidentiary hearing" (citation and internal quotation marks omitted)). And Petitioner does not attempt to show that any claims he has rely on a new, retroactive rule of constitutional law, or factual predicates that could not have been discovered earlier *and* which would show by clear and convincing evidence that no reasonable factfinder would have convicted him. *See* 28 U.S.C. § 2254(e)(2). Taking together all of these reasons, Petitioner is not entitled to discovery in this case. *See Shinn*, 142 S. Ct. at 1739-40 ("State prisoners already have a strong incentive to save claims for federal habeas proceedings in order to avoid the highly deferential standard of review that applies to claims properly raised in state court. Permitting federal factfinding would encourage yet more federal litigation of defaulted claims." (internal citations omitted)).

9

<u>*Conclusion*</u>

In sum, this Court should reject Petitioner's vague and unsupported requests for discovery in this matter. As discussed above, Petitioner has failed to show "good cause" for his discovery requests under Rule 6. Furthermore, Petitioner is not entitled to discovery on claims that are unexhausted and/or procedurally barred. Moreover, Petitioner is not entitled to discovery because he was not diligent in attempting to develop the factual basis for this proposed discovery in state court. Finally, Petitioner has failed to demonstrate that he would be entitled to a writ of habeas corpus if the facts are as he alleges. For all of the foregoing reasons, Petitioner's request for discovery must be denied.[4]

Respectfully submitted,

**JOHN M. O'CONNOR**
**ATTORNEY GENERAL OF OKLAHOMA**

<u>**s/ JOSHUA R. FANELLI**</u>
**JOSHUA R. FANELLI, OBA #33503**
**CAROLINE E.J. HUNT, OBA #32635**
**ASSISTANT ATTORNEYS GENERAL**

**OKLAHOMA ATTORNEY GENERAL'S OFFICE**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 522-4423 (Voice)
(405) 522-4534 (Fax)
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

---

[4] In the event Petitioner's request for discovery is granted, in whole or in part, *arguendo*, Respondent hereby preserves all objections that might later arise, including, but not limited to, privilege and work product.

## <u>CERTIFICATE OF SERVICE</u>

<u>**X**</u>      I hereby certify that on this 11<u>th</u> day of October, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Emma V. Rolls
Katrina Conrad-Legler
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, Oklahoma 73102


<u>s/ JOSHUA R. FANELLI</u>

11